LINK TO DOC. 9 / O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5864 PSG (RCx) | Date | January 5, 2010 |
|---|---|---|---|
| Title | Cirilo Montes v. Quality Loan Service Corp. *et al.* | | |

Present:  The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

Not Present                                                        Not Present

**Proceedings:  (In Chambers) Order Granting Defendant Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss**

Pending before the Court is Defendant Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS Defendant's motion.

I.    Background

On June 1, 2006, Plaintiff Cirilo Montes ("Plaintiff") obtained a loan to purchase property located at 1406 Summitridge Drive, Diamond Bar, California ("the property"), secured by a mortgage on the property. *See Compl.* 5:18-19; *see also Request for Judicial Notice ("RJN")*, Ex. A, at 3 (containing a Deed of Trust executed on June 8, 2006).[1] Plaintiff executed a Deed of

---

[1] Pursuant to Federal Rule of Evidence 201(b), the Court takes judicial notice of the facts contained in the Deed of Trust. *See RJN* 2:4-6 (stating that the Deed of Trust was "executed on June 1, 2006 and recorded on June 6, 2006 in the Los Angeles County Recorder's Office as Instrument Number 06-1259512"); *id.*, Ex. A. The Deed of Trust is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Red. R. Evid. 201(b). Indeed, Plaintiff refers to the Deed of Trust in the Complaint by instrument number and execution date, *see Compl.* 5:20-21 (noting that the Deed of Trust "was recorded on June 6, 2006 as Instrument No. 06-1259512 in the Office of the County Recorder of Los Angeles"), and Plaintiff does not dispute the authenticity of the Deed of Trust contained in Exhibit A in his Opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5864 PSG (RCx) | Date | January 5, 2010 |
|---|---|---|---|
| Title | Cirilo Montes v. Quality Loan Service Corp. *et al.* | | |

Trust in favor of SBMC Mortgage, designating Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), erroneously sued as Mortgage Electronic Registration Corporation, as the beneficiary under the instrument. *See RJN*, Ex. A, at 1. After Plaintiff apparently defaulted on the mortgage, Defendant Quality Loan Service Corp. ("Quality Loan") was enlisted to institute foreclosure proceedings on the mortgage. *See Compl.* 4:3-4. The foreclosure sale was scheduled for August 10, 2009.

On August 11, 2009, Plaintiff filed suit *pro se* against Quality Loan, MERS, and T.D. Services Company (collectively, "Defendants"), alleging the following causes of action against all Defendants: (1) "failure by loan servicer to respond to notice of termination of relations, termination of power of attorney and [rescission] of deed of trust," *id.* at 6:9-11, (2) conspiracy to commit fraud, (3) fraud, (4) equitable relief, (5) quiet title, (6) temporary restraining order, and (7) "judicial review of foreclosure proceedings and request for judicial notice," *id.* at 10:10-11. On November 12, 2009, MERS filed a Motion to Dismiss Pursuant to Rule 12(b)(6), to which Plaintiff filed a timely Opposition.

II.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure require that the complaint merely contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

In resolving a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id.* at 1950. The Court must first accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). To further the inquiry, the Court may consider documents outside the pleadings if the authenticity of the extrinsic materials is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5864 PSG (RCx) | Date | January 5, 2010 |
|---|---|---|---|
| Title | Cirilo Montes v. Quality Loan Service Corp. *et al.* | | |

questioned and the complaint either refers to them or necessarily relies upon them. *See Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superceded by statute on other grounds*.

After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must then determine whether the complaint alleges a plausible claim to relief. *See Ashcroft*, 129 S. Ct. at 1950. In determining whether the alleged facts cross the threshold from the possible to the plausible, the Court is required "to draw on its judicial experience and common sense." *Id.* "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*

III.   Discussion

MERS moves to dismiss each cause of action under Rule 12(b)(6). For the reasons that follow, Plaintiff's Complaint fails to state a claim against MERS.

   A.   Failure by Loan Servicer to Respond to Notice of Termination of Relations, Termination of Power of Attorney and Rescission of Deed of Trust (First Cause of Action)

MERS argues that Plaintiff fails to state a cause of action because "[i]t is extremely unclear exactly what Plaintiff's First Cause of Action is attempting to assert and against whom it is being asserted." *Mot.* 8:3-4. The Court agrees. However, following the few clues in the First Cause of Action, Plaintiff does refer to the administrative remedy available under the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2605. *See Compl.* 6:13-14 ("Pursuant to the Administrative remedy available to the Plaintiff under Title 12, Sec 27, § 2605 . . . ."). MERS argues that Plaintiff cannot recover damages under RESPA because Plaintiff fails to allege a "pattern or practice of noncompliance." *See Mot.* 8:11-23; *see also* 12 U.S.C. §§ 2605(e), (f)(1)(B). However, a "pattern or practice" allegation is only required to recover "additional damages" of up to $1,000 and not actual damages under § 2605(f)(1)(A). Furthermore, MERS' arguments regarding rescission do not appear to apply to Plaintiff's RESPA claim because rescission is not an available remedy for a failure to respond under § 2605.

Nevertheless, Plaintiff fails to allege actual damages resulting from a loan servicer's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5864 PSG (RCx) | Date | January 5, 2010 |
|---|---|---|---|
| Title | Cirilo Montes v. Quality Loan Service Corp. *et al.* | | |

failure to respond, as required by § 2605(f)(1)(A). *See Mulato v. WMC Mortg. Corp.*, No. 09-3443, 2009 WL 3561536, at *7 (N.D. Cal. Oct. 27, 2009) (Wilken, J.) ("Plaintiff failed to claim actual damages related to Defendants' alleged non-disclosure [under § 2605(f)(1)(A)]."). Furthermore, in the Opposition, Plaintiff fails to respond to MERS' arguments regarding his RESPA claim. The Court deems Plaintiffs' failure to respond as a waiver of opposition. *See City of Arcadia v. U.S. Envtl. Protection Agency*, 265 F. Supp. 2d 1142, 1154 n.16 (N.D. Cal. 2003); *Bethea v. Burnett*, No. 04-7690, 2005 WL 1720631, at *17 n.13 (C.D. Cal. June 28, 2005); *see also WMC Mortg.*, 2009 WL 3561536, at *7 ("Because Plaintiff did not oppose the motion to dismiss her § 2605 claim against Chase, it is dismissed . . . ."). Accordingly, the Court GRANTS MERS' motion to dismiss as to Plaintiff's First Cause of Action without prejudice.

  B. <u>Conspiracy to Commit Fraud and Fraud (Second and Third Causes of Action)</u>

Defendant seeks the dismissal of Plaintiff's claims for fraud and conspiracy to commit fraud on the grounds that Plaintiff's allegations fail to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).

  1. <u>Fraud (Third Cause of Action)</u>

Under Rule 9(b), a claim for fraud must be stated with sufficient particularity. *See* Fed. R. Civ. P. 9(b). The Ninth Circuit has explained that the reference to "circumstances constituting fraud" requires, at a minimum, that the complaint allege evidentiary facts, such as the time, place, persons, and statements, as well as explanations of why the statements are misleading. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 n.7 (9th Cir. 1994); *see also Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) (noting that the pleading must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong" (internal quotation omitted)). In addition, plaintiffs seeking to satisfy Rule 9(b) must "set forth an explanation as to why the statement or omission complained of was false and misleading." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1548; *see also Fecht v. Price Co.,* 70 F.3d 1078, 1082 (9th Cir. 1995).

The Complaint appears to provide two bases for his fraud claim, each of which proves to be insufficient. First, Defendants allegedly failed to provide anything of value to Plaintiff in exchange for the Deed of Trust. *See Compl.* 7:10-15 ("[T]he Defendant simply has nothing to convey, nothing by the way of consideration (money) or real property, which made them a real party and beneficiary of the commercial transaction."); *Opp.* 4:11-17 ("The REAL legal question

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5864 PSG (RCx) | Date | January 5, 2010 |
|---|---|---|---|
| Title | Cirilo Montes v. Quality Loan Service Corp. *et al.* | | |

therefore would be what real interest does the Defendant(s) have in the real Property, absent the loan documents, when in fact the Defendant simply utilized the Plaintiff's Credit, as medium of consideration as evidence of the transfer of possession of real property, the Defendant put forth nothing of value pursuant to the transaction." (emphasis in original)). The Court agrees with MERS that Plaintiff appears to present a "vapor money" theory of fraud, *see Reply* 3, which courts have roundly rejected as a matter of law, *see, e.g.*, *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 544 (E.D.N.Y. 1999); *Thiel v. First Fed. Sav. & Loan Ass'n*, 646 F. Supp. 592, 596 (N.D. Ind. 1986). Indeed, some courts have even sanctioned *pro se* litigants for pursuing such a "frivolous" theory. *See, e.g.*, *Thiel*, 646 F. Supp. at 596-97 ("It does not require a trained lawyer to recognize that the allegations raised by plaintiffs in their complaint cannot support a cause of action for violation of the statutes cited therein."). Thus, Plaintiff cannot state a "vapor money" theory of liability.

Second, Plaintiff alleges that Defendants failed to "fully disclose relations, maintain accurate accounts, [or] give full accounting." *Compl.* 7:16-18. However, Plaintiff fails to satisfy the heightened pleading requirements of Rule 9(b) with regard to these claims because the Complaint fails to specify when Defendants failed to disclose particular information or maintain proper accounts, what specific information was withheld, and which particular Defendants were responsible for the allegedly fraudulent conduct. *See* Fed. R. Civ. P. 9(b); *In re Glenfed, Inc. Secs. Litig.*, 42 F.3d at 1548 n. 7. Indeed, Plaintiff's blanket fraud claim against all Defendants, *see Compl.* 7:16 ("Their deliberate acts . . . ."), is an insufficient allegation that MERS, in particular, engaged in the allegedly fraudulent activity. For these reasons, Plaintiff fails to state a claim for fraud under Rule 9(b). Accordingly, the Court GRANTS MERS' motion to dismiss Plaintiff's Third Cause of Action for fraud without prejudice.

        2.      <u>Conspiracy to Commit Fraud (Second Cause of Action)</u>

In order to state a claim for conspiracy to commit fraud, Plaintiff must state a predicate claim for fraud. *See Del E. Webb Corp. v. Structural Materials Co.*, 123 Cal. App. 3d 593, 603 n.4, 176 Cal. Rptr. 824 (1981) ("A conspiracy to commit fraud is not itself a tort and such conduct is not actionable unless a fraud is in fact committed."). As Plaintiff fails to state a claim for fraud, the Court GRANTS MERS' motion to dismiss Plaintiff's Second Cause of Action for conspiracy to commit fraud without prejudice.

        C.      <u>Equitable Relief (Fourth Cause of Action)</u>

MERS seeks dismissal of Plaintiff's cause of action for equitable relief on the grounds

**LINK TO DOC. 9 / O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5864 PSG (RCx) | Date | January 5, 2010 |
|---|---|---|---|
| Title | Cirilo Montes v. Quality Loan Service Corp. *et al.* | | |

that the Complaint fails to allege tender. In an equitable action to prevent foreclosure, the plaintiff must allege an ability to tender the full amount of the loan. *See Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109, 51 Cal. Rptr. 2d 286 (1996) ("[A]ppellants are required to allege tender of the amount of United's secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure."); *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 578, 205 Cal. Rptr. 15 (1984); *see also Meetz v. Mohr*, 141 Cal. 667, 673 (1904) ("One who seeks equity must do equity."); *More v. Calkins*, 85 Cal. 177, 190 (1890) ("[N]or is it stated that the plaintiff is ready or willing to restore anything of value received from defendant under the contract; therefore, upon the facts stated, the contract should not be rescinded." (citing Cal. Civ. Code § 1691)). As Plaintiff fails to allege an ability to tender the full amount of the loan, the Court GRANTS MERS' motion to dismiss Plaintiff's Fourth Cause of Action for equitable relief without prejudice.[2]

D.  Quiet Title (Fifth Cause of Action)

MERS argues that Plaintiff's claim to quiet title must be dismissed because, *inter alia*, Plaintiff has failed to tender the full amount of the loan. In order to state a claim to quiet title, a plaintiff must allege (1) a legal description of the property and its street address or common designation,[3] (2) the title of the plaintiff and the basis of the title, (3) the adverse claims to the plaintiff's title, (4) the date as of which the determination is sought, and (5) a prayer for the determination of title. *See* Cal. Code Civ. P. § 761.020. Additionally, "in order to allege a claim to quiet title, Plaintiff must allege ability to tender the amounts admittedly borrowed." *Garcia v. Wachovia Mortg. Corp.*, No. 09-3925, 2009 WL 3837621 (C.D. Cal. Oct. 14, 2009) (citing *Arnolds Mgmt.*, 158 Cal. App. 3d at 578). As discussed previously, however, Plaintiff fails to allege an ability to tender. Therefore, the Court GRANTS MERS' motion to dismiss Plaintiff's

---

[2] Plaintiff is warned that insofar as his claim to equitable relief is premised upon a "vapor money" theory, *see Compl.* 7:28-8:3 ("Defendant put forth nothing of value pursuant to the transaction. When the bank does the forgoing, then in that event, thise [sic] is an utter failure of consideration for the "contract," as such, the contract is rescindable." (emphasis omitted)), any amended pleadings advancing such a theory will prove futile.

[3] The Court notes that Plaintiff misidentifies the property in his claim to quiet title. *See Compl.* 8:9 (claiming the property is located at 14761 Califa Street, Van Nuys, California). This appears to be SBMC Mortgage's address, as indicated in the Deed of Trust. *See RJN*, Ex. A, at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5864 PSG (RCx) | Date | January 5, 2010 |
|---|---|---|---|
| Title | Cirilo Montes v. Quality Loan Service Corp. *et al.* | | |

Fifth Cause of Action to quiet title without prejudice.

  E.  <u>Temporary Restraining Order (Sixth Cause of Action)</u>

  MERS argues that Plaintiff's claim for a temporary restraining order should be dismissed because, *inter alia*, such a claim is not properly characterized as a cause of action and Plaintiff fails to allege tender. MERS is correct in noting that a temporary restraining order is a remedy and not a cause of action. *See Abboud v. Int'l Bus. Machs. Corp.*, 2006 WL 905319, at *29 (N.D. Cal. Apr. 7, 2006) (noting that an "injunction is a remedy, not a cause of action" (quotations omitted)). Even considering the merits of Plaintiff's request for a temporary restraining order, Plaintiff does not establish a sufficient likelihood of success on the merits.

  In order to obtain a temporary restraining order, an applicant must either show (1) a likelihood of success on the merits combined with the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in favor of relief. *See GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1204-05 (9th Cir. 2000) (stating the test for a preliminary injunction); *Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987) ("As an 'irreducible minimum,' the moving party must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation."). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *See LGS Architects, Inc. v. Concordia Homes of Nev.*, 434 F.3d 1150, 1155 (9th Cir. 2006).

  In the Complaint, Plaintiff fails to demonstrate a likelihood of success on the merits because Plaintiff fails to allege an ability to tender the full amount of the loan. *See Abdallah*, 43 Cal. App. 4th at 1109. Furthermore, although Plaintiff alleges that a delay in enjoining the foreclosure would result in irreparable injury to Plaintiff, *see Compl.* 10:5-6, Plaintiff fails to specify when the foreclosure sale is scheduled to occur or that the alleged injury is imminent. For these reasons, the Court GRANTS MERS' motion to dismiss Plaintiff's Sixth Cause of Action for a temporary restraining order without prejudice.

  F.  <u>Judicial Review of Foreclosure Proceedings and Request for Judicial Notice (Seventh Cause of Action)</u>

  Plaintiff requests that the Court review and take judicial notice of a case purportedly attached to the Complaint. *See Compl.* 10:14-17 ("[T]he Plaintiff respectfully request[s] the Court take judicial note and review of the Hon. Christophis [sic] A. Boyko, Judge (Case 1:07-cv-

**LINK TO DOC. 9 / O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5864 PSG (RCx) | Date | January 5, 2010 |
|---|---|---|---|
| Title | Cirilo Montes v. Quality Loan Service Corp. *et al.* | | |

02282-CAB) decision on the matter of the Foreclosure of the Plaintiff's property, a copy which is attached hereto, marked Exhibit A, pgs 1-6 . . . ."). However, no such case was filed with the Complaint, and Plaintiff fails to establish the relevance of the case. Accordingly, the Court DENIES Plaintiff's request for judicial notice and GRANTS MERS' motion to dismiss Plaintiff's Seventh Cause of Action without prejudice.

IV.   Conclusion

Based on the foregoing, the Court GRANTS Defendant MERS' motion to dismiss without prejudice. Plaintiff may file an amended complaint within 21 days of this order. If Plaintiff fails to file an amended complaint by January 26, 2010, this action will be dismissed with prejudice. Finally, Plaintiff is advised of the requirements of Federal Rule of Civil Procedure 11 as they apply to each claim and any alleged ability to tender.

**IT IS SO ORDERED.**